## Fidelity-Philadelphia Trust Co. et al. v. Sherwood Mutual Savings & Loan Assn.

*Murdoch, Paxson, Kalish & Green,* for plaintiffs.
*H. Moskowitz,* for defendant.

MACNEILLE, J., November 26, 1937.—This is an action in assumpsit to recover real estate taxes from defendant building association for the years 1931 and 1932 on premises on Titan Street in Philadelphia. The exhibits attached to the statement of claim show the tax bills made in the name of Joseph King.

Defendant has filed an affidavit of defense raising questions of law. While we do not think that the averments in the statement of claim have the particularity in pleading to which defendant is entitled, yet we cannot give judgment in favor of defendant and against plaintiff on a demurrer raised by the affidavit of defense It may be that defendant desires a more specific statement, and in that regard it must exercise its judgment.

While it is true that the registered owner lays himself open to liability for taxes assessed during the time he is so registered, it is also true that the equitable, real, or beneficial owner cannot escape responsibility to pay the taxes merely because the property may be registered in another name: See Fidelity-Philadelphia Trust Co., Trustee, v. Land Title Bank & Trust Co., 326 Pa. 262.

The statement of claim avers, in fact, that at the time the properties were assessed for taxation the Moskovitz Building & Loan Association became and remained the real and equitable owner until the merger with the Sherwood Mutual Savings & Loan Association.

We are obliged to adjudge that plaintiff has made out a good cause of action, and we grant leave to defendant to file an affidavit of defense within 15 days.